The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
Defendants made a motion to strike pages 1, 2, 6, and 13 of the exhibits attached to the Transcript of Evidence due to the fact that they did not receive these items until receiving a copy of the transcript. Further, defendants object to the admission of these documents because they are not medical records as requested by Deputy Commissioner Garner but rather are hearsay statements of the plaintiff. Defendants' motion to strike these documents as exhibits in the evidentiary record is hereby granted. These documents will be removed from the evidentiary record and exhibit portion of the transcript but will remain in the Commission file and will serve as plaintiff's contentions as requested by Deputy Commissioner Garner.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. The General Accident Insurance Company was the carrier on the risk until July of 1993. The Travelers Insurance Company was the compensation carrier on the risk after July of 1993.
4. Plaintiff's average weekly wage was sufficient to generate the maximum compensation rate as of 1994.
5. Plaintiff alleges an injury by accident on February 25, 1994, resulting in an alleged injury to his back.
6. The parties stipulated to the medical records at the hearing.
7. The issue to be determined by the Commission is whether plaintiff suffered an injury by accident as alleged.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by defendant-employer as a manager. He has a long history of back problems. He first hurt his back in 1984.
2. In 1987 plaintiff injured his back again when he slipped and fell.
3. In 1991, plaintiff injured his back again.
4. Plaintiff's back continued to hurt off and on since that time.
5. In February of 1994, plaintiff had pain in his back as he had off and on for years. He did not report any kind of accident or incident. He did, however, mention that his back was bothering him again.
6. Plaintiff continued to work from February until June of 1994. His back continued to hurt off and on. Plaintiff also continued to play golf approximately once a week until June of 1994.
7. On June 27, 1994, plaintiff went to the doctor for back pain at the Presbyterian Care Plus facility. Plaintiff reported to the doctor that the onset of his back pain occurred while he was playing golf Saturday, June 25, 1994 at which time a "knot" appeared on plaintiff's back. By Saturday night plaintiff was unable to walk and experienced numbness in his left leg down to his foot.
8. Plaintiff further gave a history of a fall in 1984, which injured is back. He also referred to the 1988 and 1991 injuries. He made no mention of any injury in February of 1994.
9. The doctor found that plaintiff had a slipped disc and treated plaintiff for same.
10. Plaintiff suffered a back injury on June 25, 1994, while playing golf. He did not suffer an injury by accident on February 25, 1994, as alleged.
11. Plaintiff claims an injury by accident on February 25, 1994, and General Accident was off the risk in July of 1993.
12. Attorney Mark Carruthers made a request to be released as counsel of record in this case as Travelers is the carrier and it is represented by another attorney.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff did not suffer an injury by accident on February 25, 1994, he is not entitled to benefits under the Workers' Compensation Act. N.C. Gen. Stat. § 97-2(6).
2. Since General Accident was no longer the compensation carrier on the risk in July of 1993, it is dismissed from this case as there is no claim against it for that period of time.
3. The plaintiff has the burden of proving that he suffered an injury by accident or a specific traumatic incident in order to receive benefits under the Workers' Compensation Act. Since he did not carry the burden in this case, he is not entitled to benefits.
* * * * * * * * * * * * * *
The foregoing stipulations, findings of fact and conclusions of law engender the following
ORDER
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. The General Accident Insurance Company is hereby DISMISSED from this case.
3. Attorney Mark Carruthers is hereby RELEASED as counsel of record for Pick `N' Pay Stores, Incorporated in this case.
4. Each side shall bear its own costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER